NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2728
_____

PATRICIA THOMPSON,

v.

REAL ESTATE MORTGAGE NETWORK, INC.; SECURITY ATLANTIC
MORTGAGE COMPANY, INC.; NOEL CHAPMAN, an Individual and; SAMUEL
LAMPARELLO, an Individual,

Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:11-cv-01494)
District Judge: Honorable Kevin McNulty
_____

Argued: May 18, 2020

Before:  McKEE, BIBAS, and COWEN, *Circuit Judges*

(Opinion filed: September 22, 2020)
_____

Ari Karen, Esq.
4800 Montgomery Lane, 8th Floor
Bethesda, MD 20814

Katharine Thomas Batista, Esq.                [ARGUED]
Offit Kurman
1801 Market Street
Ten Penn Center
Suite 2300

Philadelphia, PA 19103
        *Counsel for Appellants*

Mitchell A. Schley, Esq.                          [ARGUED]
Suite 3000
197 Route 18
East Brunswick, NJ 08816

Judith L. Spanier, Esq.
Abbey Spanier
212 East 39th Street
New York, NY 10016
        *Counsel for Appellees*

_____

OPINION[*]
_____

McKEE, *Circuit Judge.*

The defendant-appellants, Real Estate Mortgage Network, et al. ("REMN"), appeal the district court's denial of their Motion to Compel Arbitration. They argue the district court erred in holding that REMN waived its right to arbitrate. For the reasons set forth below, we hold that REMN is judicially estopped from relying on the arbitration agreement at issue here. We will therefore affirm the order of the district court.

Judicial estoppel is a discretionary doctrine that "prevents a party from prevailing in one phase of the case on an argument and then relying on a contradictory argument to prevail in another phase" of the case.[1] It does not prevent the assertion of all inconsistent

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n. 8 (2000)).

positions but "is designed to prevent litigants from playing fast and loose with the courts."[2] In deciding whether a position is unacceptably inconsistent, we start with "[t]he basic principle [that]…a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing and incompatible theory."[3] We also consider "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."[4] Both inconsistent legal theories and detriment to the opposing party are present here.

REMN did not raise the issue of arbitration until September 2014, three and a half years after the complaint was filed. It waited that long despite knowing the collective nature of the suit and that potential plaintiffs may be covered by arbitration agreements.[5] REMN's failure to disclose this possible defense suggested that the arbitration agreements were not applicable or that they would not be asserted as a defense. Ultimately, REMN did not file the motion to compel arbitration until 2018, seven years into this litigation.

---

[2] *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996) (internal citation omitted).

[3] *Id.* (citing 18 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4477 (1981)).

[4] *New Hampshire v. Maine*, 532 U.S. at 751; *see also Morgan v. Gay*, 471 F.3d 469, 477 n. 9 (3d Cir. 2006).

[5] *Thompson v. Real Estate Mortgage Network, Inc.*, No. 11-1494, 2019 WL 2636307 (D. N.J. June 26, 2019), at *8 ("This action is and always was conceived of as a collective action."); *see also* id. at *2, *9.

The delay is significant.  In addition, REMN claimed that potential putative class members would be able to pursue their claims in court in its motion opposing tolling the FLSA statute of limitations.  REMN argued in the brief it filed with the court: "[t]he filing of motions to dismiss do not preclude any potential member of the putative class from opting into this lawsuit prior to a decision on class certification or from initiating their own lawsuit alleging claims under the FLSA."[6]  REMN made that assertion despite the existence of the arbitration clause in the post-restructuring agreements.

REMN now argues the motion to compel arbitration was timely because they could not have filed it before late 2017.[7]  REMN had the opportunity to disclose the arbitration agreements both in their motion to dismiss the amended complaint—filed in 2012 after restructuring their employee agreements—and in the mediation sessions that followed shortly after.[8]  Moreover, we are left with the clear conflict with the assertions REMN made in opposing Thompson's motion to toll the FLSA statute of limitations.

---

[6] Defendants' Opposition to Plaintiff's Motion to Toll the Running of the FLSA Statute of Limitations Period, at 5–6, *Thompson v. Real Estate Mortgage Network, Inc.*, No. 11-1494, 2019 WL 2636307 (D. N.J. Sept. 4, 2012).

[7] Appellants' Br. 6.

[8] *Thompson*, 2019 WL 2636307, at *8 ("[T]he arbitration agreements existed and [the defendants knew] that they would be asserting them in opposition to class certification.") *See also id.* at *9 ("I agree…that an actual motion to compel arbitration was not yet ripe at that point.…I also agree…that Defendants behaved opportunistically.").

REMN's failure to rely upon the arbitration clause has cost Thompson extensive "time, effort, and money."[9] It has also prevented Thompson from making an informed response to REMN's settlement offers; two of which were rejected.[10]

Inasmuch as REMN's litigation history here exemplifies playing "fast and loose with the court[],"[11] we will affirm the district court's refusal to compel arbitration.

---

[9] *Id.* at \*9 (The issues before the court could have "been mooted or transformed by the timely disclosure.") (internal citation omitted).
[10] Appellee's Br. 20.
[11] *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996) (internal citation omitted).